IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PATRICK COLE<br>2810 Matheson Boulevard<br>Suite 200<br>Mississauge, Ontario, Canada<br><br>Plaintiff<br><br>vs.<br><br>KEVIN HARRIS<br>1108 Garden Street NW<br>Warren, Ohio 44485<br><br>and<br><br>KEELAN HARRIS<br>1036 Parkman Road<br>Warren, Ohio 44485<br><br>and<br><br>KAREN STARR<br>112 Brownwood Drive<br>Barrie, Ontario, Canada<br><br>and<br><br>COMPLETE DEVELOPMENTS LLC<br>2430 Parkman Road NW<br>Warren, Ohio 44484<br><br>and<br><br>I3 LLC<br>2430 Parkman Road NW<br>Warren, Ohio 44484<br><br>Defendants | : | CASE NO.:<br><br>JUDGE<br><br>**COMPLAINT**<br><br>**Jury Demand Endorsed Hereon** |

Plaintiff Patrick Cole, for his complaint against defendants, alleges:

## PARTIES

1. Plaintiff is an individual citizen of Canada.

2. Upon information and belief, defendant Kevin Harris is an individual citizen of Ohio, residing in the Northern District of Ohio.

3. Upon information and belief, defendant Keelan Harris is an individual citizen of Ohio, residing in the Northern District of Ohio.

4. Upon information and belief, defendant Karen Starr is an individual citizen of Canada or the United Arab Emirates.

5. Upon information and belief, defendant Complete Developments, LLC is a Limited Liability Company organized under the laws of the State of Delaware with its principal place of business located at 2430 Parkman Road NW, Warren, Ohio, 44485.

6. Upon information and belief, defendant International Investments, Inc. is a corporation organized under the laws of the State of Nevada with its principal place of business located at 2430 Parkman Road NW, Warren, Ohio, 44485.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this case by virtue of federal-question jurisdiction,

pursuant to 28 U.S.C. § 1331, and Section 22(a) of the Securities Act, 15 U.S.C. § 77u(a), and Sections 21(e) and 27 of the Securities Exchange Act, 15 U.S.C. §§ 78u(e) and 78aa, in that plaintiff alleges violations of the securities laws of the United States and asserts claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1861 et. seq.

8. In connection with the transactions, acts, practices and course of business described in this Complaint, the defendants, directly and indirectly, have made use of the means or instrumentalities of interstate commerce, of the mails, or of the means and instruments of transportation or communication in interstate commerce.

9. Venue is proper in this district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391(a) and (b). Defendants Kevin Harris and Keelan Harris reside in this district and defendants Complete Developments LLC and I3 LLC do business in and have offices located in this juridical district, and certain of the transactions alleged herein occurred within this district.

FACTS

10. From early 2007 through September of 2008, defendants solicited a total of $22,000,000.00 from plaintiff and his assignors, representing that the money would be

invested in a program to trade currencies. In doing so, defendants made the following representations:

a. Defendants had a strategy for currency trading that would produce profits of 5% per month or more, while not risking 80% of the invested funds.

b. 80% of the money of plaintiff and his assignors would therefore not be at risk.

11. The statements made by defendants set forth in the previous paragraph were false, upon information and belief, in that:

a. Defendants did not in fact have a strategy for currency trading that could provide the promised returns on investment while not risking the loss of 80% of the principal invested.

b. The money of plaintiff and his assignors would in fact be at a risk of loss.

c. Defendants did not in fact believe that plaintiff and his assignors would make profits of 5% per month or more.

12. Upon information and belief, defendants made the representations set forth in Paragraph 10 hereof with actual knowledge of their falsity or with reckless disregard of their truth or falsity, for the purpose of

inducing plaintiff and his assignors to invest their funds with defendants.

13. The representations of defendants were material to the decision of plaintiff and his assignors to invest their money with defendants, and plaintiff and his assignors reasonably relied on them, unaware of their falsity.

14. Plaintiff and his assignors have demanded the return of their funds from defendants, and defendants have failed and refused to return the funds.

FIRST CLAIM

15. The allegations of the preceding paragraphs are incorporated as if fully rewritten herein.

16. Defendants, directly and indirectly, with scienter, by use of a means or instrumentality or interstate commerce or by use of the mails, have employed a device, scheme, or artifice to defraud; have made an untrue statement of material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or have engaged in an act, practice, or course of business which has been and is operating as a fraud or deceit upon plaintiff and his assignors as purchasers or sellers of securities.

17. By reason of the foregoing, defendants have violated Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

18. By virtue of the defendants' violation of the above provisions, plaintiff and his assignors have been damaged in the amount of $22,000,000.00.

SECOND CLAIM

19. The allegations of paragraphs 1 through 14 are incorporated as if fully rewritten herein.

20. Defendants have, directly and indirectly, with scienter, in connection with the offer and sale of securities to plaintiff and his assignors, employed a device, scheme, or artifice to defraud, and have obtained money or property by means of untrue statements of material fact or omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or engaged in transactions, practices, or courses of business that have been or are operating as a fraud and deceit upon plaintiff and his assignors.

21. By reason of the foregoing, defendants have violated Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

22. By reason of the foregoing, plaintiff and his assignors have been damaged in the amount of $22,000,000.00.

THIRD CLAIM

23. The allegations of paragraphs 1 through 14 are incorporated as if fully rewritten herein.

24. As a result of the fraud of defendants, plaintiff and his assignors have been damaged in the amount of $22,000,000.00.

25. Upon information and belief, defendants have made similar fraudulent representations to others, as part of a fraudulent scheme aimed at the public in general.

26. Plaintiff and his assignors should therefore have judgment against defendants for punitive damages, in addition to their actual damages.

FOURTH CLAIM

27. The allegations of paragraphs 1 through 14 are incorporated as if fully rewritten herein.

28. Plaintiff and his assignors and defendants entered into contracts under which defendants agreed to invest plaintiff and his assignors' funds pursuant to a

trading program that would prevent risk to 80% of principal and provide contractually-specified profits.

29. Defendants breached the contract by failing to invest plaintiff and his assignors' funds as agreed.

30. Defendants' breach of contract has caused plaintiff and his assignors to be damaged in the amount of $50,000,000.00.

FIFTH CLAIM

31. The allegations of paragraphs 1 through 14 are incorporated as if fully rewritten herein.

32. In managing plaintiff and his assignors' investments, defendants owed them a fiduciary duty.

33. Defendants violated their fiduciary duty to plaintiff and his assignors in failing to deal with the invested funds as agreed.

34. As a result of defendants' breach of their fiduciary duty, plaintiff and his assignors have been damaged in the amount of $22,000,000.00.

SIXTH CLAIM

35. The allegations of paragraphs 1 through 14 are incorporated as if fully rewritten herein.

36. Defendants have converted the funds of plaintiff and his assignors to their own use.

37. Plaintiff and his assignors have been damaged in the amount of $22,000,000.00.

SEVENTH CLAIM

38. The allegations of paragraphs 1 through 14 are incorporated as if fully rewritten herein.

39. The fraudulent representations of defendants were made by telephone, e-mail and other means and constituted violations of the federal wire-fraud statute, 18 U.S.C. § 1343.

40. Upon information and belief, during the same time period, defendants were making similar fraudulent representations to others.

41. Therefore, defendants, through the commissions of two or more acts constituting a pattern of racketeering activity, participated in an enterprise the activities of which affect interstate commerce.

42. As a result of defendants' racketeering activities, plaintiff and his assignors suffered damages in the amount of $22,000,000.00.

43. Defendants are therefore liable to plaintiff and his assignors in the amount of $22,000,000.00, trebled, for a total of $66,000,000.00, together with reasonable attorneys' fees, pursuant to 18 U.S.C. § 1962(c).

EIGHTH CLAIM

44. The allegations of paragraphs 1 through 14 are incorporated as if fully rewritten herein.

45. Defendants knowingly received proceeds derived, directly or indirectly, from the pattern of corrupt activity set forth above; and used or invested, directly or indirectly, part or all of those proceeds in the operation of the enterprise, which is chargeable or indictable under, and in violation of, R.C. 2923.32(A)(3).

46. As a result of the corrupt activity and racketeering engaged in by the defendants, the plaintiff and his assignors herein have lost sums, in total, in excess of $22,000,000.00, or more. Defendants have acquired, illegally, $22,000,000.00, or more.

47. Pursuant to R.C. 2923.34(B), plaintiff and his assignors are entitled to compensation for the damages they have incurred as a result of the defendants' pattern of corrupt activity.

48. Pursuant to R.C. 2923.34(F), plaintiff and his assignors are entitled to treble damages as to any and all actual damages proven.

49. Pursuant to R.C. 2923.34(G) and (H), plaintiff and his assignors are entitled to recover their reasonable

attorney fees, investigative and litigation costs and expenses.

NINTH CLAIM

50. The allegations of the preceding paragraphs are incorporated as if fully rewritten herein.

51. The currency trading program is a security as defined by R.C. 1707.01.

52. Defendants, directly and indirectly, with scienter, by use of a means or instrumentality or interstate commerce or by use of the mails, have employed a device, scheme, or artifice to defraud; have made an untrue statement of material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or have engaged in an act, practice, or course of business which has been and is operating as a fraud or deceit upon the plaintiff and his assignors as purchasers or sellers of securities.

53. Defendants have violated R.C. 1707.44 by their actions as described in paragraph 52.

54. Defendants are therefore liable to plaintiff and his assignors in the amount of $22,000,000.00, pursuant to R.C. 1707.41.

WHEREFORE, plaintiff and his assignors respectfully demand judgment against defendants Kevin Harris, Keelan Harris, Karen Starr, Complete Developments LLC, and I3 LLC, jointly and severally:

a. on the First Claim for Relief, for damages in the amount of $22,000,000.00;

b. on the Second Claim for Relief, for damages in the amount of $22,000,000.00;

c. on the Third Claim for Relief, for actual damages in the amount of $22,000,000.00 and punitive damages in the amount of $22,000,000.00;

d. on the Fourth Claim for Relief, for damages in the amount of $50,000,000.00;

e. on the Fifth Claim for Relief, for damages in the amount of $22,000,000.00;

f. on the Sixth Claim for Relief, for damages in the amount of $22,000,000.00;

g. on the Seventh Claim for Relief, treble damages in the amount of $66,000,000.00 together with attorneys' fees and costs;

h. on the Eighth Claim for Relief, for damages in the amount of $22,000,000.00, trebled, together with attorneys' fees and costs.

i. on the Ninth Claim for Relief, for damages in the amount of $22,000,000.00.

Respectfully submitted,

/s/ Margo S. Meola
COMSTOCK, SPRINGER & WILSON CO., LPA
MARGO S. MEOLA (#0065555)
DAVID C. COMSTOCK, JR. (#0040145)
100 Federal Plaza East, Suite 926
Youngstown, Ohio 44503-1811
Telephone: (330) 746-5643
Facsimile: (330) 746-4925
Email: msm@csandw.com; dcj@csandw.com
Attorneys for Plaintiff

and

/s/ Harry H. Wise, III
HARRY H. WISE, III (NY Bar # 1052836)
250 West 57th Street, Suite 1316
New York, New York 10107
Telephone: (212) 810-2430
Facsimile: (212) 810-2427
Email: HWISELAW@aol.com
Attorney for Plaintiff Pending Court Sustaining Motion For Admission Pro Hac Vice

JURY DEMAND

Plaintiff demands trial by jury.

/s/ Margo S. Meola
COMSTOCK, SPRINGER & WILSON CO., LPA
MARGO S. MEOLA (#0065555)