UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK COLE, et al., | ) | CASE NO. 4:09CV1270 |
| Plaintiffs, | ) | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| v. | ) | |
| KEVIN HARRIS, et al., | ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) | |

The above-captioned matter is before the Court on a number of motions: Defendant Kevin Harris, Complete Developments LLC., and I3 LLC.'s (collectively, "CD Defendants") motion to dismiss the amended complaint filed by Patrick Cole, Plaintiff, and 211 other named Plaintiffs ("Plaintiffs")(ECF Dkt. #54); Defendant Keelan Harris'("Defendant Keelan") motion to dismiss the amended complaint filed by Plaintiffs (ECF Dkt. #61); a motion filed by CD Defendants for an extension of time to plead or otherwise respond to Plaintiffs' amended complaint and for an order directing Plaintiffs' counsel to reflect addresses of the alleged Plaintiffs (ECF Dkt. #53); and Plaintiffs' motion for relief from the discovery stay (ECF Dkt. #59).

For the following reasons, the Court GRANTS IN PART and DENIES IN PART CD Defendants and Keelan's motions to dismiss (ECF Dkt.#s 54, 61); declines to exercise supplemental jurisdiction over Plaintiffs' state law claims; DENIES CD Defendants' motion for extension to plead or respond and for an order to reflect addresses to the alleged Plaintiffs (ECF Dkt. #53); and DENIES Plaintiffs' motion for relief from the discovery stay. ECF Dkt. #59.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 3, 2009, Plaintiff Patrick Cole filed a complaint in this Court against all Defendants. ECF Dkt. #1. Plaintiff alleged that he was a citizen of Canada and from early 2007 through September 2008, the Defendants solicited a total of $22,000,000.00 from Plaintiff and his assignors by representing to them that their money would be invested in a program to trade currencies where profits of 5% or more per month would be produced and 80% of the invested

funds would not be subjected to risk. *Id*. at 3-4. Plaintiff further averred that Defendants' representations were false and made with actual knowledge of the falsity or with reckless disregard to their truth in order to induce Plaintiff and his assignors to invest their monies with Defendants. *Id*. Plaintiff alleged that Defendants acted with actual knowledge or reckless disregard to the falsity of their representations because they did not have a strategy that could provide the profit promised or not subject 80% of the principal invested to loss and Defendants did not believe that Plaintiff and his assignors would make 5% or more in monthly profits. *Id*. at 4-5. Plaintiff further alleged that Defendants' representations were material to Plaintiff and his assignors in their decisions to invest with Defendants. *Id.* Plaintiff alleges that he and his assignors have demanded return of their funds and Defendants have refused to return them. *Id.* at 5.

Plaintiff and his assignors brought the following claims: (Claim for Relief Number 1) violation of Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10B-5 promulgated thereunder, 17 C.F.R. § 240.10b-5; (Claim for Relief Number 2) violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); (Claim for Relief Number 3) fraud; (Claim for Relief Number 4) breach of contract; (Claim for Relief Number 5) breach of fiduciary duty; (Claim for Relief Number 6) conversion; (Claim for Relief Number 7) violations of the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1861[sic][1], et. seq.; (Claim for Relief Number 8) engaging in a pattern of corrupt activity in violation of Ohio Revised Code 2923.32(A)(3); and (Claim for Relief Number 9) making false representations in the sale of securities in violation of Ohio Revised Code § 1707.44. *Id.* at 5-13.

On July 1, 2009, Plaintiff filed a motion for preliminary injunction, temporary restraining order and expedited discovery. ECF Dkt. #9. The parties thereafter submitted a proposed order granting a preliminary injunction on a stipulation of Plaintiff and all Defendants who had appeared. ECF Dkt. #26. On August 10, 2009, the Honorable Judge Peter C. Economus enjoined

---

[1] The federal RICO statute begins at 18 U.S.C. § 1961, not 18 U.S.C. § 1861.

all Defendants from transferring any funds or removing cash or any other assets related to the litigation from the State of Ohio until final judgment in this case is entered. ECF Dkt. #38.

On August 27, 2009, Plaintiff filed a motion for expedited discovery concerning the disposition of funds invested by Plaintiff and others with all Defendants. ECF Dkt. #32. The parties thereafter consented to the jurisdiction of the undersigned and the undersigned granted that part of Plaintiff's motion as to discovery from all Defendants and third parties concerning the disposition of funds invested by Plaintiff and others with Defendants. ECF Dkt. #45. The Court reserved ruling on the second part of Plaintiff's motion as to his request for the production of documents which Defendants refused to produce under an alleged Fifth Amendment privilege until Defendants' counsel filed a brief on that issue. *Id*. The Court thereafter granted the second part of Plaintiff's motion. ECF Dkt. #47.

On September 29, 2009, Plaintiff filed an amended complaint against the same Defendants, adding the names of 211 Plaintiffs[2] besides Plaintiff Patrick Cole. ECF Dkt. #48. On October 15, 2009, CD Defendants filed the instant motion for extension of time to plead or otherwise respond to the amended complaint and a motion for an Order directing Plaintiffs' counsel to provide the addresses of the newly added Plaintiffs. ECF Dkt. #53. Plaintiffs filed a memorandum in opposition to Defendants' motion. ECF Dkt. #55.

On October 19, 2009, CD Defendants filed a motion to dismiss Plaintiff's amended complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF Dkt. #54. Defendant Keelan filed his own motion to dismiss through new counsel, since the Court granted his prior counsel, counsel for the CD Defendants in this case, permission to withdraw from representing him. ECF Dkt. #31, 61. Defendant Keelan joined in CD Defendants' motion to dismiss and asserted some of his own arguments. ECF Dkt. #61. Plaintiffs filed memoranda in opposition to both motions to dismiss. ECF Dkt. #s 60, 65.

On November 5, 2009, Plaintiffs filed a motion for relief from the discovery stay. ECF

[2] The undersigned notes that 212 Plaintiffs are named, but Monica Jamieson is named twice in the amended complaint. Unless otherwise corrected, the Court presumes that this was a typographical error and there are not 2 Monica Jamiesons.

Dkt. #59. CD Defendants filed an "objection" to Plaintiffs' motion and Plaintiffs filed a reply memorandum in support of their motion. ECF Dkt. #s 62, 64.

## II. MOTIONS TO DISMISS (ECF DKT. #s 54, 61)

### A. STANDARD OF REVIEW

In evaluating a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and draw reasonable inferences in his favor. *Directv*, *Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, this Court should not accept conclusions of law or unwarranted inferences that are presented in the form of factual allegations. *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must contain the grounds that entitle the plaintiff to relief, with more than labels and conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted).

### B. LAW AND ANALYSIS

#### 1. CD DEFENDANTS' MOTION TO DISMISS (ECF Dkt. #54)

##### a. FRAUD CLAIMS

###### 1. RULE 9(b)

In their motion to dismiss, CD Defendants move the Court to dismiss Plaintiffs' amended complaint because it fails to plead fraud with specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure. ECF Dkt. #54 at 4-6. For the following reasons, the Court GRANTS CD Defendants' motion to dismiss Plaintiffs' amended complaint alleging fraud and securities fraud.

Rule 9(b) of the Federal Rules of Civil Procedure provides:

> In alleging fraud or mistake, a plaintiff must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). Rule 9(b)'s particularity requirement serves three purposes: (1) to provide defendants with fair notice of claims that are alleged against them; (2) to protect defendants from harm to their reputations or goodwill due to unfounded fraud allegations; and (3) to reduce the number of strike suits and discourage fishing expeditions. *Yadlosky v. Grant Thornton, L.L.P.*, 120 F.Supp.2d 622 (E.D. Mich. 2000), citing *In re Credit Acceptance Corp. Securities Litigation*, 50 F.Supp.2d 622, 671 (E.D. Mich. 1999). Generalized allegations of fraudulent conduct are insufficient to satisfy Rule 9(b). *Bovee v. Lybrand, C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). The Sixth Circuit went on to explain that "[a]t a minimum, Rule 9(b) requires the plaintiff identify the 'time, place and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003), citing *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir. 1993).

Plaintiffs' amended complaint in this case does not meet the heightened pleading requirements of Rule 9(b) because it fails to specify with particularity the circumstances surrounding the alleged fraud. Even though Plaintiffs allege in their response to the motion to dismiss that "scores of misrepresentations" were made, they outline only the following misrepresentations in their amended complaint:

> --The business of defendant Complete Developments, LLC was trading in foreign currencies on behalf of its customers.
>
> --Defendants had a strategy for currency trading that would produce profits of 5% per month or more, while not risking 80% of the invested funds.
>
> –80% of the money of plaintiffs would therefore not be at risk.

ECF Dkt. #48 at 5. As to these misrepresentations, Plaintiffs fail to aver when the misrepresentations were made, the location where these misrepresentations were made, or the mode or medium in which these misrepresentations were made. The amended complaint indicates the general time period in which monies were solicited from Plaintiffs, but not the time that the alleged misrepresentations were made as to each Plaintiff. Moreover, Plaintiffs fail to identify the statements made by each Defendant, instead referring to them collectively as "Defendants" throughout the amended complaint, even though they sue Defendants Kevin Harris, Keelan Harris,

and Karen Starr in addition to the company Defendants, Complete Developments, LLC and International Investments, Inc. *Id*. The amended complaint allegations fail to give adequate notice to Defendants of the claims against them so that they may mount a meaningful defense and conduct meaningful discovery.

In their response to the motion to dismiss, Plaintiffs refer to declarations attached to their motion for preliminary injunction as support for denying the motion to dismiss, asserting that the information contained therein meets the particularity requirements of Rule 9(b). Curiously, one of the declarations filed by Plaintiffs in conjunction with case is one by Plaintiffs' attorney in this case, Attorney Harry Wise, who attests that he is personally familiar with the facts set forth in the case. ECF Dkt. #10-2. The other declaration is that of Plaintiff Patrick Cole. ECF Dkt. #10-1. However, Plaintiffs fail to refer to these documents in their amended complaint and fail to incorporate them into the amended complaint.

Nevertheless, even considering these declarations in addition to the amended complaint allegations[3], these documents still fail to give adequate notice to Defendants of the claims against them because they fail to identify the particular statements, the makers of the statements, the recipients of the statements, or the time, place and manner in which the statements were made. For instance, Plaintiff Patrick Cole states in the declaration that he has "obtained powers of attorney from 190 United States and Canadian citizens who have lost their money by investing it with defendants, and those funds total approximately $22 million dollars." ECF Dkt. #10-1 at 1. Plaintiff Cole fails to identify the 190 Plaintiffs from whom he received powers of attorney and fails to indicate the purpose of these powers of attorney. This also creates a discrepancy with the amended complaint, which was filed subsequent to this declaration and names 211 Plaintiffs. *Id*. Plaintiff Cole also declares that he and others were promised, both in writing and orally, that 80% of their money would not be at risk and certain rates of return were guaranteed. *Id.* at 2. He states

[3] *See Yanacos v. Lake County*, 953 F.Supp. 187, 191 (N.D. Ohio 1996)(items appearing in the record can be considered in determining whether to grant a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure); *see also Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 255 F.R.D. 443, 446-447 (W.D. Mich. 2009)("For instance, if the Court considers an affidavit attached to a motion to dismiss, the Court must convert the motion into one for summary judgment. However, if that affidavit is attached to the pleadings, the Court can consider it without converting the motion, regardless of whether the information in the affidavit is disputed.").

that the promises were made "both in written material, *such as* the material annexed to our counsel's declaration as Exhibit A, and orally by defendant Kevin Harris, *and others*..." *Id.* (emphasis added). However, this statement fails to indicate if the alleged promises were made in forms other than Exhibit A and oral representations even though his use of the words "such as" indicates that promises in other forms were made. Further, Plaintiff Cole intimates that oral statements were made by individuals or entities other than Defendant Kevin Harris, but he fails to identify those persons or entities.

In addition, Plaintiff Cole indicates in his declaration that Defendant Keelan was involved in the alleged fraud because he was present at several meetings representing Defendants Complete Developments LLC and I3, LLC and he was involved in handling financial transactions. ECF Dkt. #10-1 at 2. This is insufficient to state a claim against Defendant Keelan under the requirements for Rule 9(b) because it fails to specify any misrepresentation made on the part of Defendant Keelan, much less the time, place, location, and recipient of any alleged misrepresentation. The same insufficiency exists for the allegations against Defendant Starr, whereby Plaintiff Cole merely states that she "was connected to the fraud because she attended meetings and discussed the business with me, and also communicated with the investors by e-mails on behalf of the corporate defendants." *Id.*

For these reasons, the Court finds that Plaintiffs' amended complaint fails to meet the requirements of Rule 9(b), even considered in conjunction with the declarations attached to the motion for preliminary injunction. Accordingly, the Court DISMISSES Plaintiff's Claim for Relief Number 3 WITHOUT PREJUDICE.

**<u>2. 15 U.S.C. § 78u-4(b)(1) and (2)</u>**

CD Defendants also move to dismiss Plaintiff's federal securities law claims against them, asserting that Plaintiffs' amended complaint fails to comply with the Private Securities Litigation and Reform Act of 1995 ("PSLRA"), specifically 15 U.S.C. § 78u-4 and 15 U.S.C. § 78u-5, which require specific allegations for securities fraud claims, including compliance with Rule 9(b) and a heightened scienter requirement. ECF Dkt. #54. For the following reasons, the Court GRANTS CD Defendants' motion to dismiss Plaintiffs' Claims for Relief Numbers 1 and 2.

Plaintiffs bring Claims for Relief Numbers 1 and 2 pursuant to Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10B-5 promulgated thereunder, and 17 C.F.R. § 240.10b-5; (Count 2) violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a). In *Frank v. Dana Corporation*, the Sixth Circuit held that a plaintiff alleging a securities fraud claim under Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder must allege the following in connection with the purchase or sale of securities: (1) misstatement or omission of a material fact by a defendant; (2) made with scienter; (3) justifiable reliance upon that misstatement or omission by the plaintiff; and (4) proximate cause between the misstatement or omission and plaintiff's injury. 547 F.3d 564, 569 (6th Cir. 2008), quoting *In re Comshare, Inc., Sec. Litig.*, 183 F.3d 542, 548 (6th Cir. 1999). The Sixth Circuit further found that claims under this section must satisfy the particularity pleading requirements of Rule 9(b) by: (1) specifying the statements alleged to be fraudulent; (2) identifying the speaker; (3) stating when and where the statements were made; and (4) explaining why the statements were fraudulent. *Frank*, 547 F.3d at 569-570.

The Private Securities Litigation and Reform Act of 1995 ("PSLRA") requires that complaints asserting a claim of federal securities fraud do more than simply satisfy Rule 9(b). *In re FirstEnergy Corp. Securities Litigation*, 316 F.Supp.2d 581, 591 (N.D. Ohio 2004). 15 U.S.C. § 78u-4(b) sets forth the heightened pleading requirements for securities fraud actions:

> (b) Requirements for securities fraud actions
>
> (1) Misleading statements and omissions
>
> In any private action arising under this chapter in which the plaintiff alleges that the defendant--
>
> **(A)** made an untrue statement of a material fact; or
>
> **(B)** omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading;
>
> the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the

> complaint shall state with particularity all facts on which that belief is formed.
>
> (2) Required state of mind
>
> In any private action arising under this chapter in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.

15 U.S.C.A. § 78u-4(b).

Numerous courts have held that federal securities fraud allegations are subject to the same standards as general fraud allegations and therefore must meet the specificity requirements of Rule 9(b). *See Institutional Investors Grp. v. Avaya, Inc.,* 564 F.3d 242, 253 (3rd Cir. 2009)(particularity language in both 15 U.S.C. § 78u-4(b)(1) and (2) echoes Fed. R. Civ. P. 9(b)); *In Re FirstEnergy Corp. Securities Litigation*, 316 F.Supp.2d 581, 591 (N.D. Ohio 2004)(PSLRA supplements Rule 9(b)'s pleading standard); *Stephens v. Halliburton Co.*, No. Civ. A.3:02-CV-1442-L, 2003 WL 22077752 (N.D. Tex. Sept. 5, 2003), unpublished (indicating that the Fifth Circuit Court of Appeals has commented that the standard under Rule 9(b) is the same as the stringent pleading requirements under 15 U.S.C. § 78u-4(b)(1)), and *citing generally ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 349 (5th Cir. 2002); *Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 410, n.9 (5th Cir. 2001); and *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997); *In re Century Bus. Servs. Securities Litigation*, No. 2002 WL 32254513 (N.D. Ohio June 27, 2002), unpublished ("[a]llegations of securities fraud are subject to the same standards as general fraud allegations and must meet the particularity requirements of Fed. R. Civ. P. 9(b).").

Since the Court finds that Plaintiffs' amended complaint fails to meet the requirements of Rule 9(b), the Court also finds that it also fails to meet the requirements of securities fraud under 15 U.S.C. § 78u-4(b). Thus, the Court GRANTS Defendants' motion to dismiss and dismisses Plaintiffs' amended complaint allegations as to claims for relief 1 and 2 regarding federal securities fraud.

Moreover, because Plaintiff's amended complaint allegations fail to meet the specificity requirements of Rule 9(b) and 15 U.S.C. § 78u-4(b)(1), the Court cannot determine whether the complaint allegations meet the heightened scienter requirement of 15 U.S.C. § 78u-4(b)(2).

**3. Dismissal with Prejudice**

Citing 15 U.S.C. § 78u-4(b)(3), Defendants assert that because Plaintiffs have failed to meet the particularity requirements of Rule 9(b) and 15 U.S.C. § 78u-4(b), the Court should deny Plaintiffs further leave to amend and should dismiss Plaintiffs' amended complaint in its entirety with prejudice. ECF Dkt. #54 at 9. The Court agrees with Defendants in part and DENIES Plaintiffs leave to amend their federal securities law claims and hereby DISMISSES Plaintiffs' securities fraud claims WITH PREJUDICE pursuant to 15 U.S.C. § 78u-4(b)(3).

15 U.S.C. § 78u-4(b)(3) provides

> (3) Motion to dismiss; stay of discovery
>
> (A) Dismissal for failure to meet pleading requirements
>
> In any private action arising under this chapter, the court shall, on the motion of any defendant, dismiss the complaint if the requirements of paragraphs (1) and (2) are not met.

15 U.S.C. § 78u-4(b)(3). The Sixth Circuit has held that "allowing repeated filing of amended complaints would frustrate the purpose of the PSLRA." *Miller v. Champion Enterprises, Inc.*, 346 F.3d 660, 690 (6th Cir. 2003). In *Champion*, the Court considered Rule 15(a) of the Federal Rules of Civil Procedure, which allows leave to amend as a usual practice, with the mandatory language of 15 U.S.C. § 78u-4(b)(3), which requires that a court dismiss the complaint if the pleading requirements are not met. *Id.* The *Champion* Court concluded that this mandatory language of the PSLRA required that courts restrict "the ability of plaintiffs to amend their complaint, and thus as limiting the scope of Rule 15(a) of the Federal Rules of Civil Procedure." *Id.* at 692. The *Champion* Court indicated that the purposes of the PSLRA would be frustrated if plaintiffs were allowed to repeatedly amend their complaints in order to meet the particularity requirements of the statute. *Id.* In *PR Diamonds v. Chandler*, 364 F.3d 671, 700 (6th Cir. 2004), the Sixth Circuit reaffirmed its holding in *Champion* when it affirmed a district court's decision

to dismiss the plaintiffs' Section 10(b) and Rule 10b-5 claims against the defendants and not to allow the plaintiffs an opportunity to amend the complaint.

Pursuant to *Champion, Chandler*, and 15 U.S.C. § 78u-4(b)(3), this Court DISMISSES Plaintiffs' first and second claims for relief, alleging violations of 15 U.S.C. § 78j(b), Rule 10b-5 promulgated thereunder, and 15 U.S.C. § 77q(a) WITH PREJUDICE. This dismissal is based solely upon Plaintiffs' failure to meet the technical pleading requirements of Rule 9(b) and 15 U.S.C. § 78u-4(b)(1).

**4. 15 U.S.C. § 78u-5(c)**

CD Defendants further assert that the "forward-looking statements" safe harbor provision of 15 U.S.C.A. § 78u-5(c) also requires the dismissal of Plaintiffs' federal securities law claims. ECF Dkt. #54 at 7-9. However, the Court need not address this issue since Plaintiffs' federal securities law claims have been dismissed with prejudice.

**b. RICO CLAIMS**

CD Defendants also move to dismiss the Plaintiffs' Claim for Relief Number 7, which alleges violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq*. ECF Dkt. #54 at 9. Plaintiffs stipulated in their response in opposition to the motion to dismiss that this claim is premature and they agree to dismiss it without prejudice. ECF Dkt. #60 at 10.

Accordingly, the Court DISMISSES Plaintiffs' seventh claim for relief without prejudice.

**c. STATE LAW CLAIMS AND SECURITIES LITIGATION UNIFORM STANDARDS ACT**

CD Defendants also move to dismiss Plaintiffs' state law claims of breach of contract, breach of fiduciary duty, conversion and state law securities violations under the Securities Litigation Uniform Standards Act of 1995, 15 U.S.C. § 77p(b)("SLUSA"). ECF Dkt. #54. Plaintiffs contend that the elements necessary to bar their state law claims under SLUSA are not met and thus the Court should not dismiss those claims. ECF Dkt. #60.

The Court declines to address this issue because the federal claims have already been dismissed. Thus, the Court declines to exercise its supplemental jurisdiction over the state law

claims. 28 U.S.C. § 1367(c)(3); *see Valot v. Southeast Local Sch. Dist. Bd. of Educ*., 107 F.3d 1220, 1230 (6th Cir. 1997). Accordingly, the Court DISMISSES Plaintiffs' Claims for Relief Numbers 4, 5, 6, 8, and 9 WITHOUT PREJUDICE.

**2. DEFENDANT KEELAN HARRIS' MOTION TO DISMISS (ECF Dkt. #61)**

Defendant Keelan moves to dismiss Plaintiffs' amended complaint allegations against him based upon Plaintiffs' failure to allege the facts and claims against him with particularity as required by Rule 9(b). ECF Dkt. #61. He also joins in the assertions made by CD Defendants in their motion to dismiss. *Id*.

For the reasons set forth in IIB1 above, and in particular paragraphs 5 and 6 of IIB1(a), the Court GRANTS Defendant Keelan Harris' motion to dismiss and DISMISSES Plaintiffs' claims against him as outlined in the preceding sections.

## III. OTHER PENDING MOTIONS

Since the Court has dismissed all of Plaintiffs' claims in their amended complaint before this Court, the other pending motions in this case are DENIED AS MOOT. ECF Dkt. #s 53, 59.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART CD Defendants and Defendants Keelan's motions to dismiss. ECF Dkt. #s 54, 61. The Court GRANTS the motions to dismiss and dismisses Plaintiffs' Claims for Relief Numbers 1 and 2 WITH PREJUDICE. The Court further GRANTS the motions to dismiss as to Plaintiffs' Claims for Relief Numbers 3, 4, 5, 6, 8, and 9, but DISMISSES those claims WITHOUT PREJUDICE. The Court further DISMISSES Plaintiffs' Claim for Relief Number 7, as stipulated by the parties, WITHOUT PREJUDICE. Finally, the Court DENIES the other motions pending in this case AS MOOT. ECF Dkt. #s 23, 53, 59.

IT IS SO ORDERED.

DATE: January 4, 2010

*/s/George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE