UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK COLE, et al., | ) | CASE NO. 4:09CV1270 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| KEVIN HARRIS, et al., | ) | |
| | ) | |
| | ) | __MEMORANDUM OPINION & ORDER__ |
| Defendants. | ) | |

The above-captioned matter is before the Court on a motion filed by Plaintiff Patrick Cole and 211 other named Plaintiffs ("Plaintiffs") seeking relief from this Court's January 4, 2010 and April 1, 2010 judgments pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure. ECF Dkt. #77. Plaintiffs have also set forth a claim requested that the Court permit them to supplement or revive their federal civil RICO claim that this Court dismissed without prejudice based upon Plaintiffs' agreement.

On July 27, 2011, this Court issued a Memorandum Opinion deferring consideration of Plaintiffs' motion to reopen until after the Sixth Circuit Court of Appeals had ruled on Plaintiffs' appeal of this Court's decision in this case. ECF Dkt. #78. The Sixth Circuit Court of Appeals has ruled, and the United States Supreme Court denied Plaintiffs' petition for a writ of certiorari. ECF Dkt. #s 79, 80, 82. Accordingly, Plaintiffs' motion to reopen is now ripe.

## I.    __FACTUAL AND PROCEDURAL HISTORY__

The Court need not reiterate the lengthy factual and procedural history but for the following relevant history. In 2009, Plaintiffs sued Defendants for numerous securities law violations, as well as civil RICO, common law fraud, breach of contract and various other state claims, when they "invested" nearly $22 million and later discovered that the "investment" was a

Ponzi scheme.  *Cole v. Harris*, No. 10-3168 (6th Cir. Jan. 9, 2012), unpublished.

On January 9, 2012, the Sixth Circuit Court of Appeals issued a decision affirming this Court's January 4, 2010 Memorandum Opinion and Order and April 1, 2010 Amended Judgment Entry, finding that "[t]he issuance of a full written opinion by this court would serve no useful purpose.  Accordingly, for the reasons stated in the magistrate judge's Memorandum Opinion and Orders, we AFFIRM."  ECF Dkt. #s 79, 80; *Cole v. Harris*, No. 10-3168 (6th Cir. Jan. 9, 2012), unpublished.  The Sixth Circuit Court of Appeals affirmed this Court's dismissal without prejudice of Plaintiffs' common-law fraud claims against Defendants pursuant to Rule 9(b) of the Federal Rules of Civil Procedure for failure to plead the common-law fraud claim with sufficient particularity, dismissal of Plaintiffs' RICO claims as stipulated by the parties, and the declination of supplemental jurisdiction over the state law claims.  *Id.*

Most importantly, the Sixth Circuit affirmed this Court's dismissal of Plaintiffs' federal securities law claims *with prejudice* because Plaintiffs failed to plead the claims with the particularity required by the Private Securities Litigation and Reform Act of 1995 ("PSLRA").  ECF Dkt. #s 79, 80; *Cole v. Harris*, No. 10-3168 (6th Cir. Jan. 9, 2012), unpublished.  The Sixth Circuit further affirmed this Court's decision denying Plaintiffs' the opportunity to further amend their complaint based upon Sixth Circuit caselaw because Plaintiffs had been given prior opportunities to amend and had argued on two prior separate occasions that their complaint was fine as written and amendment thereof was not necessary.  *Id.*   Plaintiffs filed a petition for an en banc rehearing, but the Sixth Circuit denied that petition. *Id.*

Plaintiffs thereafter filed a petition for a writ of certiorari in the United States Supreme Court.  ECF Dkt. #81.  On October 2, 2012, the United States Supreme Court denied the petition for a writ of certiorari.  ECF Dkt. #82.

Since Plaintiffs' appeal has now been decided, this Court will rule on Plaintiffs' pending motion to reopen the instant case.  ECF Dkt. #77.  For the following reasons, the Court DENIES Plaintiffs' motion.  *Id.*

## II.    LAW AND ANALYSIS

### A.    RULE 60(B)(2)

Plaintiffs assert in their motion to vacate pursuant to Rule 60(b)(2) that a guilty plea entered by Kevin Harris, one of the civil Defendants in the instant case, constitutes newly discovered evidence which supports vacating this Court's judgments dismissing their federal securities violation claims with prejudice.  ECF Dkt. #77-1 at 1660-1662.  Plaintiffs cite to *National Union Fire Insurance Company of Pittsburgh v. Alticor, Inc.*, Nos. 05-2479, 06-2538, 2007 WL 2733336 (6th Cir. Sept. 19, 2007), unpublished, for support.

Rule 60(b)(2) of the Federal Rules of Civil Procedure provides:

> Rule 60.  Relief from a Judgment or Order
>
> (b)    Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).

Fed.R.Civ.P.60(b)(2).

The decision to grant or deny a Rule 60(b)(2) motion rests in the court's sound discretion. *Davis by Davis v. Jellico Community Hosp., Inc.*, 912 F.2d 129, 135 (6th Cir. 1990).  "The well-conceived rule that newly discovered evidence under Rule 59 or Rule 60(b)(2) must pertain to evidence which existed at the time of trial. That rationale applies equally in cases...where final judgment has been entered."  *Id*. at 136.  In order to succeed under Rule 60(b)(2), the moving party must show "(1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment."  *HDC, LLC. v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012), quoting *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)(internal quotations and citation omitted).

In *Alticor*, the case relied upon by Plaintiffs in this case, the plaintiff insurance companies sought a declaratory judgment that they were not obligated to defend Alticor and its

predecessors ("Alticor"), purchasers of plaintiffs' insurance policies, in a lawsuit captioned *Nitro Distribution, Inc. v. Alticor, Inc.* (No. 03-3290-CV-S-RED)("*Nitro* Case"). *Nat'l Union Fire Ins. Co. v. Alticor, Inc.*, No. 1:05-CV-15, 2005 WL 2206461 (W.D. Mich. Sept. 12, 2005), unpublished. The dispute in *Alticor* was whether the language of the insurance policies obligated the insurance companies to defend Alticor in the *Nitro* suit. The district court granted summary judgment in favor of the insurance companies, finding that the language of the underlying complaint in the *Nitro* case did not contain factual allegations "from which one could conclude that the *Nitro* suit contemplated a claim for slander, libel or product disparagement," which was the theory under which *Alticor* sought coverage from the plaintiffs. *Id*.

Alticor thereafter filed a Rule 60(b)(2) motion asserting that an amended complaint filed in the *Nitro* case constituted newly discovered evidence in its case which justified relief from the district court's decision granting summary judgment to the plaintiffs. No. 1:05-CV-15, 2006 WL 3091458 (W.D. Mich. Oct. 30, 2006), unpublished. Alticor claimed that the amended complaint in the *Nitro* case, which now alleged "injurious falsehood," justified the district court in changing its factual determination and justified coverage under the insurance policies. *Id*. at *1. The district court denied Altior's motion, holding that the amended complaint in *Nitro* was not "newly discovered evidence" as contemplated by Rule 60(b)(2) because it did not exist at the time of the court's previous judgment. *Id*.

Alticor appealed the granting of summary judgment and the denial of its Rule 60(b)(2) motion to the Sixth Circuit. The Sixth Circuit affirmed the district court's rulings and with regard to the Rule 60(b)(2) decision, recited the district court's holding that because the *Nitro* amended complaint was filed after it entered summary judgment in favor of the plaintiffs in the *Alticor* case, the amended complaint was not "evidence which existed at the time of trial" and thus was not newly discovered evidence under Rule 60(b)(2). Nos. 05-2479, 06-2538, 2007 WL 2733336, at *8 (6th Cir. Sept. 19, 2007), unpublished.

Thus, as cited by Plaintiffs in the instant case, the Sixth Circuit of Appeals in *Alticor* did hold that Alticor was correct in stating that evidence falls under "newly discovered evidence" for Rule 60(b)(2) purposes "as long as it pertain[s] to facts in existence at the time of the trial, and

4

not to facts that have occurred subsequently."  2007 WL 2733336, at *8, quoting *Nat'l Anti-Hunger Coal. v. Executive Comm. of the President's Private Sector Survey on Cost Control*, 711 F.2d 1071, 1075 n. 3 (D.C.Cir. 1983)(emphasis added)(internal quotation marks and citation omitted). However, the Court pointed out that despite this correct understanding, the application of that law to the case was incorrect as it "reveals a basic misunderstanding of the true scope of inquiry in the post-judgment proceedings." *Alticor*, 2007 WL 2733336, at *8.  The Sixth Circuit held that because the *Nitro* amended complaint "- the instrument germane to the court's determination-clearly was not in existence at the time of the district court's entry of summary judgment, the district judge did not abuse his discretion or otherwise err in denying the Rule 60(b)(2) motion." *Id.*

Similarly in the instant case, this Court entered its original decision and its amended judgment entry dismissing Plaintiffs' federal securities claims with prejudice on January 4, 2010 and April 1, 2010, well before the federal criminal charges were even initiated against Mr. Harris.  ECF Dkt. #s 67-68, 74, 75 in Case Number 4:09CV1270;  *see also United States v. Harris*, No. 4:10CR437 at ECF Dkt. #15.  The information against Kevin Harris was not filed until October 7, 2010 and he entered his guilty plea to criminal charges on November 5, 2010, with the Honorable Lesley Wells accepting the plea on December 10, 2010.  ECF Dkt. #s 67, 68, 75; *see also United States v. Harris*, No. 4:10CR437 at ECF Dkt. #15.

Moreover, even if the plea of Mr. Harris were construed as newly discovered evidence, it does not negate the finding of this Court, which was upheld by the Sixth Circuit Court of Appeals, that Plaintiffs failed to meet the procedural requirements of the PSLRA despite being given opportunities to amend their complaint to conform therewith.  Plaintiffs cannot rely upon a subsequently filed federal criminal case and plea to remedy their own pleading deficiencies, deficiencies that resulted not from a lack of factual information or evidence at the time of the filing, but rather from a failure to acknowledge insufficient factual pleading and to remedy the factual allegations procedurally required by this Court and the PSLRA.  The Court's decision to dismiss Plaintiffs' federal securities claims with prejudice was also required under Sixth Circuit caselaw.  *Id.*  The pleading requirements of the federal securities statute were known or should

5

have been known to Plaintiffs at the time of the filing of their complaint, and despite Defendants' motions to dismiss for Plaintiffs' failure to allege the specificity required under the federal securities statute, Plaintiffs made clear to this Court that their complaint allegations were sufficient and amendment for specificity was not necessary.

Accordingly, the Court finds that Mr. Harris's subsequent criminal charges and guilty plea cannot be used to afford Plaintiffs yet another opportunity to meet the procedural requirements of the federal securities law statute when they had those opportunities in the first place and chose to proceed without modification even in the face of motions to dismiss for failure to meet the pleading specifications.  Plaintiffs' Rule 60(b)(2) motion is therefore DENIED.  ECF Dkt. #77.

### B.     RULE 15(D)

Plaintiffs additionally assert in the same brief that, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, Mr. Harris' guilty plea revives the federal civil RICO claim that this Court dismissed without prejudice based upon Plaintiffs' stipulation in the Court's January 4, 2010 and April 4, 2010 judgment entries.  ECF Dkt. #77-1 at 1664.  Plaintiffs had agreed to dismissing this claim earlier as premature because they could not assert the federal RICO claim with a federal securities fraud as a predicate unless a defendant had been convicted of criminal fraud.  *Id.*  Plaintiffs assert that now that Mr. Harris had entered a guilty plea and been convicted, their federal civil RICO claim is now revived and the Court should allow them to file both an amended and supplemental complaint asserting the federal civil RICO claim, as well as the state law claims that this Court dismissed based upon supplemental jurisdiction.  *Id.* at 1665.   Rule 15(d) of the Federal Rules of Civil Procedure provides:

Rule 15. Amended and Supplemental Pleadings

(d)     Supplemental Pleadings.  On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

6

Fed. R. Civ. P. 15(d).  A supplemental pleading differs from an amended pleading in that "an amended pleading relates to matters which occurred prior to the filing of the original pleading and entirely replaces such pleading; a supplemental pleading addresses events occurring subsequent to the initial pleading and adds to such pleading." *Princesse D'Isenbourgh Et Cie Ltd. v. Kinder Caviar, Inc*., No. 3:09-29-DCR, 2012 WL 258568, at *1, quoting Brian *A. v. Bredesen*, No. 3:00–0445, 2009 WL 4730352, at *1 (M.D.Tenn. Dec. 4, 2009), unpublished. Whether to grant a motion to file a supplemental pleading is within the sound discretion of the court. *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Caldwell v. Moore*, 968 F.2d 595, 598-99 (6ᵗʰ Cir. 1992).  In determining whether to grant a motion to file a supplemental pleading, a court may consider the same factors that are considered in determining whether to grant motions to amend pleadings pursuant to Rule 15(a): "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Id*.

A party can bring a Rule 15(d) motion "at any time the action is before the trial court." *Brian A. v. Bredesen*, No .3:00-0445, 2009 WL 4730352, at *1 (M.D. Tenn., Dec. 4, 2009), unpublished.  Generally, "following entry of final judgment," a party may not bring a motion under Rule 15 "without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Kinder Caviar*, 2012 WL 258567, at *1, quoting *Morse v. McWhorter*, 290 F.3d 795, 799 (6ᵗʰ Cir. 2002).  The entry of judgment does not preclude the use of Rule 15(d), but such situations are limited to those "in which a court specifically retained jurisdiction over the matter and where the conduct 'plaintiffs sought to challenge through supplemental pleading were alleged to be specific attempts by the defendants to contravene the courts' earlier rulings.'" *Kinder Caviar*, 2012 WL 258567, at *1, quoting *Ctr. for Biological Diversity v. Salazar*, No. CV 07–0038–PHX–MHM, 2010 WL 3924069, at *4 (D.Ariz. Sept. 30, 2010) (quoting *Planned Parenthood v. Neely*, 130 F.3d 400, 403 (9ᵗʰ Cir.1997)).  "However, in all cases in which parties were permitted to file supplemental complaints after the entry of a final judgment, 'the courts, as part of their final orders, required

7

the parties to comply with broad, aspirational directives,' such as ending discrimination in school systems." *Kinder Caviar*, 2012 WL 258687, at *1, quoting *Planned Parenthood*, 130 F.3d at 403 (citing *Griffin v. Cty. Sch. Bd.,* 377 U.S. 218, 226, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964).

The Court in this case entered its final judgments on January 4, 2010 and April 1, 2010, which included dismissing Plaintiffs' federal civil RICO claims without prejudice.  ECF Dkt. #s 67, 68, 74, 75. In the instant Memorandum Opinion & Order, the Court denies Plaintiffs' present Rule 60(b)(2) motion as well.  Accordingly, as in *Kinder Caviar*, "[t]his case is not one in which post-judgment application of Rule 15(d) would be appropriate."  2012 WL 258567, at *2.  Like *Kinder Caviar*, "there is no live case or controversy" that is pending before this Court.  *See id.*  Moreover, this Court did not specifically retain jurisdiction over this case, and this is not a case where Defendants attempted to contravene this Court's earlier rulings, nor one which required the parties to comply with broad aspirational directives. *Id.*  In addition, Plaintiffs in this case are not barred from filing a new lawsuit with the federal civil RICO allegations that they allege now meet the statutory requirements.  *See* 18 U.S.C. § 1964(c).

Consequently, the Court DENIES Plaintiffs' Rule 15(d) motion.  ECF Dkt. #77.

## III.  CONCLUSION

Based upon the law and analysis above, the Court DENIES Plaintiffs' motion filed pursuant to Rule 60(b)(2) and 15(d) of the Federal Rules of Civil Procedure.  ECF Dkt. #77.

IT IS SO ORDERED.


Dated: November 16, 2012                    */s/George J. Limbert*
                                            GEORGE J.LIMBERT
                                            UNITED STATES MAGISTRATE JUDGE

8